**DLD-252**                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2781
_____

In re: SOHAIL CHAUDHRY,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court of New Jersey
(Related to D.N.J. Civ. No. 10-cv-03119)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 28, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.

(Filed: August 9, 2011 )
_____

OPINION
_____

PER CURIAM

Sohail Chaudhry filed this pro se mandamus petition pursuant to 28 U.S.C.

§ 1651, seeking an order that the United States District Court of New Jersey be

compelled to rule on his pending § 2255 motion.  For the reasons that follow, we will

deny the mandamus petition without prejudice.

Mandamus is a drastic remedy available only in the most extraordinary of

circumstances.  <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir.

2005). A mandamus petitioner must establish that he has "no other adequate means" to obtain the requested relief, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Nonetheless, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction." See Madden, 102 F.3d at 79.

This case, however, does not present such a situation. Chaudhry filed his § 2255 motion in June 2010. Through April 2011, the District Court has routinely exercised jurisdiction by ruling on various procedural motions filed by Chaudhry. The complained-of three-month delay in the disposition of Chaudhry's § 2255 motion "does not yet rise to the level of a denial of due process." Id.

Accordingly, we will deny Chaudhry's mandamus petition without prejudice.